UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Martina L. Walker, et al., | ) | CASE NO. EDCV08-00024 VAP (OPx) |
| Plaintiffs, | ) | |
| v. | ) | ORDER DENYING MOTION TO DISQUALIFY DISTRICT JUDGE |
| Keith Stanton, et al., | ) | |
| Defendants, | ) | |
| _____ | ) | |

     This matter is before the Court on the motion of pro se plaintiff Clarence Demetrius Tate ("plaintiff") to disqualify District Judge Virginia A. Phillips ("Judge Phillips") based on bias.  Pursuant to the Central District's General Order 08-5 at 6-7, the motion has been referred to District Judge Stephen G. Larson for disposition.  As set forth below, the motion to disqualify is **DENIED.**

     As set forth more fully in his motion, plaintiff has, on a number of occasions, had documents rejected for filing because of violations of the Central District's Local Rules.  See generally Motion, Exs. B - D.  Plaintiff contends that the rejection of these documents, coupled with a failure to include his address on the docket mailing list, demonstrate Judge Phillips' bias and inability to impartially adjudicate his claims.

     The Court's analysis begins with the relevant federal statute that sets forth

the standard for determining whether a district judge should preside over a given case. In pertinent part, that statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.
>
> (b) [Sh]e shall also disqualify himself in the following circumstances:
>
> (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

The bias with which the statute is concerned relates to bias that is created as a result of information received or beliefs held separate and apart from any experience with a given case or litigant within the operation of the court. The United States Supreme Court has interpreted § 455, noting that

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

Liteky v. United States, 510 U.S. 540, 555 (1994) (internal citation omitted).

The present case is not that "rarest [of] circumstances" justifying disqualifying a judge on account of her judicial rulings. To the contrary, the record reflects that plaintiff's difficulties stem from his failure to successfully navigate the Court's Local

Rules regarding the filing of motions, a difficulty in which no small number of pro se litigants commonly encounter.

For example, plaintiff's response to the Court's order to show cause was captioned a "motion," which was then rejected for failure to follow the Court's very specific Local Rules regarding the form, notice, and calendaring of motions. See Motion Exs. B - C. Other filings were rejected for this reason, as well as for violations regarding the required filing of proposed orders and improper letter communications with the Court. See Ex. D. Thus, this record reveals that plaintiff's concern is based solely upon Judge Phillips' judicial rulings, rulings which appear well-supported by the Local Rules.

Seeing no cause to disqualify Judge Phillips, the Court **DENIES** the present motion.

The Clerk is **ORDERED** to provide plaintiff with a copy of this Court's Local Rules, which are also available at www.cacd.uscourts.gov,

The docket reveals that plaintiff's address (and his inmate identification number) is the same as set forth on the copy of the most recent envelope sent to him by his co-plaintiff. Should plaintiff's address or if his address on the docket should be updated in any way, plaintiff must inform the Court in writing of that change.

DATE: August 26, 2008

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE